NOT FOR PUBLICATION                                    [Docket No. 20]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

CHERYL STREET,                         :
                                       :
                Plaintiff,             :    Civil No. 05-3398 (RMB)
                                       :
        v.                             :    **OPINION**
                                       :
J. WILLIAM DOOLITTLE,                  :
JOHN DOE owner/operator,               :
and THE HARTFORD,                      :
                                       :
                Defendants.            :

APPEARANCES:

Lawrence D. Lally, Esquire
Lawrence D. Lally, LLC
736 White Horse Pike
Audubon, New Jersey 08106
    Attorney for Defendants

Shirley Ann Naylor, Esquire
Kevin P. McCann
Chance & McCann
201 West Commerce Street
Bridgeton, New Jersey 08303
    Attorneys for Plaintiff

**Bumb**, United States District Judge:

This matter comes before the Court upon a motion of Defendant J. William Doolittle pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss the Complaint for lack of personal jurisdiction. For the reasons set forth below, the Court agrees

1

that it is without personal jurisdiction over Defendant Doolittle. The Court will transfer this case to the District of Maryland where the cause of action allegedly arose.

I.   Background

Plaintiff Cheryl Street, a citizen of Bridgeton, New Jersey, brought this action against Defendants Doolittle and The Hartford by way of an Amended Complaint filed July 28, 2005. Plaintiff alleged subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) (diversity of citizenship).

In general, Plaintiff alleges that on July 23, 2003, Defendant Doolittle, "through the actions of neglect, carelessness and recklessness" caused his vehicle to collide with Plaintiff's vehicle in the Baltimore Tunnel in Maryland, where Defendant Doolittle is a citizen.[1]

Defendant Doolittle claims that because the sole contact with the jurisdiction of the District of New Jersey is the fact that Plaintiff resides here, this Court has no personal jurisdiction over him and the Complaint should be dismissed. Defendant states that this "is a case that belongs either in the Federal or State Courts in Maryland or the District of Columbia." (Def. Mem. of Law. At 7). Plaintiff opposes the motion and argues that it should be denied or, in the alternative, that this

---

[1] In support of his Motion to Dismiss, Defendant Doolittle has submitted a certification stating that he resides in Washington, D.C.

2

case should be transferred to the District of Maryland.

II. Discussion

A court may dismiss a complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Once a defendant has raised a lack of personal jurisdiction, the plaintiff must has the burden of demonstrating that jurisdiction exists by showing that "sufficient contacts exist between the defendant and the forum state." Mellon Bank PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). The plaintiff may not rely upon his pleadings alone in order to withstand a challenge under Rule 12(b)(2) for a motion to dismiss for lack of personal jurisdiction. The plaintiff must respond "with actual proofs, not mere allegations." See Wartsila NSD N. Am., Inc. v. Hill Int'l, Inc., 269 F. Supp. 2d 547 (D.N.J. 2003) (quoting Patterson v. F.B.I., 893 F.2d 595, 603-04 (3d Cir. 1990) (citation omitted)).

Federal Rule of Civil Procedure 4(e) allows the court to exercise personal jurisdiction over a non-resident defendant to the extent allowed by the long-arm statute of the state in which the court sits. See Sunbelt Corp. v. Noble, Denton & Associates, Inc., 5 F.3d 28, 31 (3d Cir. 1993). New Jersey's long-arm statute permits personal jurisdiction over non-resident defendants to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment. See N.J. Ct. R. 4:4-4.

Therefore, the question of whether this Court has personal jurisdiction over an individual defendant is to be determined by federal constitutional law. See Mesalic v. Fiberfloat Corp., 897 F.2d 696, 698 (3d Cir. 1990).

In order to demonstrate that personal jurisdiction exists over non-resident defendants within the limits of the Due Process Clause, plaintiff must show that the defendant has minimum contacts with the forum state so that the defendant could have reasonably anticipated being brought before a forum court. See Osteotech v. GenSci Regeneration Sciences 6 F. Supp. 2d 349, 353 (D.N.J. 1998). The plaintiff can establish the "minimum contacts" by showing that the defendant had continuous or systematic contacts with the jurisdiction or that its cause of action arose out of the defendant's activities within the forum state. Id. No matter what the situation, it is necessary that the defendant purposely brings himself into the jurisdiction for "the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. See Hanson v. Denckla, 357 U.S. 235, 253 (1958).

If a plaintiff has made a prima facie case showing that the defendant had the requisite "minimum contacts with the forum state, those contacts must then be considered in light of the other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial

justice'". <u>International Shoe Company v. Washington</u>, 326 U.S. 310, 320 (1945) (quoting <u>Milliken v. Meyer</u>, 311 U.S. 457, 463 (1940)

In the present matter, the Complaint, on its face, alleges that the accident occurred in the State of Maryland and that Defendant Doolittle is a citizen of the State of Maryland. There is no allegation of any contact between Doolittle and the State of New Jersey.

Plaintiff argues that this Court has proper jurisdiction over Defendant Doolittle because Plaintiff has continued to receive treatment for her injuries and experiences suffering as a result of the accident in New Jersey. This argument misses the point. The nexus must be between the forum state and the party over whom another party is alleging jurisdiction, in this case, Defendant Doolittle.

Accordingly, because there is a complete absence of any connection between Defendant Doolittle and New Jersey, this Court agrees with Defendant that it does not have personal jurisdiction over Doolittle. Plaintiff, however, asks this Court, rather than grant Defendant's motion to dismiss, to transfer this case pursuant to 28 U.S.C. § 1406(a) to either the District of Columbia where Defendant Doolittle lives, or the District of Maryland where the accident allegedly occurred. The relevant statute, 28 U.S.C. § 1406(a), provides that the "district court

of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The court has the power to transfer the case even if there is no personal jurisdiction over the defendant. Goldlawr, Inc. v. Heinman, 369 U.S. 463, 465 (1962).

The question here is whether the transfer is in the interest of justice. In the Court's view, Plaintiff would be severely prejudiced if the case were not transferred, but rather dismissed, because of Maryland's three year statute of limitations for personal injury actions. Md. Cts. & Jud. Proc. Code Ann. § 5-101 (2006); Hartman v. AT&T Corp., 971 F. Supp. 952, 955 n.1 (D. Md. 1996). In contrast, the transfer would not impose an undue hardship on defendant Doolittle. Accordingly, this Court will transfer this case to the District of Maryland.

Date: August 24, 2006

RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE